## AMERICAN NATIONAL BANK, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 6979.   Promulgated February 2, 1928.

*Fred D. Bullock, Esq.*, and *Louis S. Beedy, Esq.*, for the petitioner.
*A. George Bouchard, Esq.*, for the respondent.

492

OPINION.

Marquette: In April, 1920, one Maldonado contracted to sell a quantity of Orient sugar to one De Bona. Before accepting De Bona's order Maldonado insisted that De Bona's bank wire to this petitioner an irrevocable letter of credit covering the order. Thereupon the Border National Bank of Eagle Pass, Tex., wired the petitioner, "We guarantee irrevocably payment for account Joseph De Bona covering purchase 200 long tons white granulated sugar from Maldonado & Co.," and upon the strength of this telegram and a letter confirming it the petitioner issued its letter of credit to Maldonado. Later the Border Bank wired the petitioner a revocation of its letter of credit. The sugar arrived in November of 1920 and De Bona did not take it, and the Border Bank refused to pay drafts drawn by the petitioner. De Bona was financially irresponsible. Thereupon, in December, 1920, the petitioner sold the sugar at a loss of $68,538.41 and on December 31 of that year charged off that amount as a bad debt. This charge-off was made after the petitioner had investigated the condition of the Border Bank and found it to be unsatisfactory. It also considered the legal defense which the Border Bank might raise if suit were brought upon its "irrevocable guaranty." The petitioner brought suit promptly and recovered full judgment against the Border Bank. The judgment was paid in 1922 or 1923.

Section 234 (a) (5) of the Revenue Act of 1918 provides for a deduction from income of "Debts ascertained to be worthless and charged off within the taxable year."

Two elements must be present before such a deduction is permissible, namely, the debt must be ascertained to be worthless and charged off, and both must take place within the taxable year. *Appeal of Murchison National Bank*, 1 B. T. A. 617; *Avery v. Commissioner*, 22 Fed. (2d) 6. The word "ascertain" means to render certain; to make confident; to assure; to free from obscurity or doubt; to make certain to the mind; to find out. See Webster's Dictionary; Words and Phrases; Bouvier's Law Dictionary. See also *Appeal of Steele Cotton Mill Co.* 1 B. T. A. 299.

No hard and fast rule can be laid down detailing just what must be done in every instance to ascertain worthlessness of a debt, but there must be a reasonable, bona fide ascertainment from all the facts and circumstances. It is not always incumbent upon a creditor

to take legal steps to establish the fact that a debt is worthless, but he can not, under the revenue acts, write a debt off as worthless while he is at the same time pursuing measures through the courts to collect it and where such collection thereby is merely doubtful.

We are of the opinion that the petitioner was not justified, under the circumstances, in charging off as a bad debt its claim against the Border National Bank. Although that bank may not have been in sound financial condition at the time, it is fairly apparent that it did have assets. It was not then insolvent and the debt was not worthless, since the petitioner was able to collect and did collect the full amount thereof. While it may have been good banking practice not to carry this claim as an asset and to charge it off as the petitioner did, yet that is not enough to render the debt worthless within . the meaning of the statute and the respondent's action in denying the deduction is sustained.

*Judgment will be entered for the respondent.*